## Crowe v. Hurt.

(Decided May 12, 1925.)

### Appeal from Pike Circuit Court.

1. Animals—Lien for Pasturage Fees Waived by Refusing Tender of Payment.—A lien for pasturage fees is waived by refusing to accept payment when tendered.

2. Sales—Purchaser with Notice of Prior Sale Does Not Acquire Title.—Where plaintiff purchased mules from owner, and defendant was notified of such sale, a subsequent purchase by the defendant from the original seller's wife, who sold them with original seller's permission, did not give defendant title to mules.

ROSCOE VANOVER for appellant.

DAUGHERTY & BARRETT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In this action of claim and delivery Mary Crowe sued to recover the possession of two mules from Garland Hurt.

In a jury trial a verdict was returned for defendant and judgment entered in accordance therewith. Plaintiff moves this court for an appeal and seeks a reversal of that judgment.

The undisputed facts are that the mules in controversy were the property of Jack Collins, who was a married man with a family. In the early part of June, 1921, Collins borrowed $150.00 from Mary Crowe to carry his mother to a hospital, agreeing to secure the loan by a mortgage on the mules, which were then in a pasture belonging to Garland Hurt. The money was paid at the

time, but having no blank form present the mortgage was not executed.

On the 21st of June Collins again called on the plaintiff, telling her that his mother needed additional money and offering to sell the mules for $200.00; that if she would let him have $50.00 additional she might have them. She accepted this proposition and paid him the $50.00. It was also agreed between them that she would pay Hurt's pasturage bill.

Shortly afterward both she and Collins notified Hurt of the sale, and in September following she wrote Hurt a letter to that effect, which he admits that he received. In the latter part of November a prosecution was instituted against Collins for failure to support his wife and children, and it appears that he agreed that his wife might sell the mules and use the proceeds, and that she did sell them to Hurt, who advanced her some $70.00 thereon, but Mary Crowe was not a party to this.

In December Hurt wrote to Collins that the pasturage amounted to $35.00, and that when Mary Crowe came for the mules she must be prepared to pay that sum. Thereupon Mary Crowe tendered to Hurt in payment of the pasturage a sum in excess of $35.00, but he refused to surrender them unless she also paid the sums he had advanced to Mrs. Collins.

There is no question as to Jack Collins' title to the mules at the time he sold them to Mrs. Crowe or as to the *bona fides* of that transaction, at least on her part. While Hurt had a lien on the mules to secure him for his pasturage fees, he waived this lien by refusing to accept payment thereof when tendered him. And having attempted to purchase the mules of Mrs. Collins with full knowledge of the facts Hurt acquired no title to them.

It follows that under the undisputed facts the court should have instructed the jury to find a verdict for the plaintiff. Mrs. Crowe owes defendant for his pasturage, but as he waived his lien on the mules, that debt is not properly pleaded as a counterclaim in this action.

Wherefore, an appeal is granted and the judgment is reversed and cause remanded for proceedings consistent with this opinion.